UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA DONAHUE ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13948** |
| **REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC ET AL** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are a Motion to Strike Plaintiff's Third Amended Complaint (Doc. 180), filed by Defendant Republic National Distributing Company, LLC and adopted by Defendant W&H Systems, Inc., and a Motion to Remand (Doc. 169) filed by Plaintiff Joshua Donahue. For the following reasons, the Motion to Strike is GRANTED and the Motion to Remand is DENIED AS MOOT.

## BACKGROUND

This action arises from injuries that Plaintiff Joshua Donahue suffered while working in the facility of Defendant Republic National Distribution Co. ("RNDC"). RNDC contracted with Defendant W&H Systems, Inc. ("W&H

1

Systems") to install a conveyor system in its warehouse. W&H Systems contracted with Defendant Darana Hybrid, Inc. ("Darana") to perform electrical work as part of that installation. Darana had an outstanding contract with Defendant American ManPower Services, Inc. ("AMPS") in which AMPS provided labor to Darana. Plaintiff worked for AMPS and, under the contract with Darana, was assigned to Darana's electrical project for W&H Systems. On July 29, 2015 while descending a scaffold in RNDC's facility, Plaintiff was struck in the head by the blades of an unguarded overhead fan.

Plaintiffs Joshua Donahue and his wife, Angela Bolton, filed this suit on June 8, 2016 in Civil District Court for the Parish of Orleans asserting claims for negligence and premises liability. Defendants removed to this Court on August 18, 2016.

At a status conference attended by all parties on June 6, 2018, Plaintiffs orally moved for leave to amend their complaint to add a new defendant, Steele Solutions, Inc. All parties consented to the motion and the Court granted Plaintiffs leave to amend their complaint to assert a claim against Steele Solutions, Inc.[1] Plaintiffs filed their Third Amended Complaint on June 16, 2018.[2] Plaintiff's Third Amended Complaint added Steele Solutions, Inc. as a defendant. It also added as a defendant, among others, MS15 LLC. On July 10, 2018, Plaintiffs filed a Motion to Remand, arguing that MS15 LLC was a Louisiana citizen whose joinder destroyed this Court's diversity jurisdiction.[3] On July 24, 2018, Defendant RNDC moved to strike Plaintiffs' Third Amended

---

[1] Doc. 144.
[2] Doc. 153.
[3] Doc. 169. The Court observes that, in the briefing on the Motion to Remand, the parties appear to assume that MS15, LLC is a citizen of Louisiana because it is organized there. Instead, the "citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). Any future briefing regarding diversity jurisdiction will best assist the Court if the citizenship of the entities involved is properly set forth.

Complaint on the ground that Plaintiffs had not been granted leave of court to add any entity other than Steele Solutions, Inc.[4] Defendant W&H Systems joined RNDC's Motion on July 31, 2018.[5] Plaintiffs oppose the Motion to Strike.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course and subsequently only with the opposing party's consent or leave of court.[6] Rule 15 counsels that, "The court should freely give leave when justice so requires."[7] However when such an amendment would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) gives a court discretion to deny joinder.[8] In such a situation, the court should apply the factors set forth in *Hensgens v. Deere & Co.*,[9] "scrutinize[ing] an amendment . . . that would add a non-diverse party more closely than an ordinary amendment."[10]

Here, Plaintiffs filed an amended complaint that adds a party whose joinder would destroy this court's subject matter jurisdiction without seeking leave of court to add that party. This Court specifically granted leave to add Steele Solutions, Inc., not any other entity. The use of the plural "parties" in a sentence relating to a scheduling conference did not change the explicit order of the Court. Accordingly, Defendants' Motion to Strike is granted and Plaintiff's Second Amending Complaint is stricken in its entirety. Plaintiffs may re-file an amended complaint that adds Steele Solutions, Inc., but must

---

[4] Doc. 180.
[5] Docs. 184, 190.
[6] FED. R. CIV. P. 15(a).
[7] *Id.* at 15(a)(2).
[8] 28 U.S.C. § 1447(e).
[9] 833 F.2d 1179, 1182 (5th Cir. 1987).
[10] Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 679 (5th Cir. 2013), *abrogated on other grounds by* Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542, 551 (Tex. 2016) (quoting Short v. Ford Motor Co., 21 F.3d 1107 (5th Cir. 1994)).

seek leave of court to add any other entity. Furthermore, Plaintiffs' Third Amending Complaint having been stricken, Plaintiff's Motion to Remand is denied without prejudice as moot.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Strike is GRANTED and Plaintiff's Motion to Remand is DENIED AS MOOT.

New Orleans, Louisiana this 2nd day of August, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**