UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JOSHUA DONAHUE, ET AL. | * | CIVIL ACTION NO. 16-13948 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| REPUBLIC NATIONAL DISTRIBUTING | * | |
| COMPANY, LLC, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the plaintiff's Second Motion to Compel responses to Discovery. (Rec. Doc. 224). For the following reasons, the Motion is DENIED. Oral argument set for October 24, 2018, is cancelled.

Background

Plaintiff Joshua Donahue was employed as a journeyman electrician for American ManPower Services in connection with the installation of a multi-level conveyer system at the liquor distribution warehouse of Republic National Distributing Company ("Republic"). He was struck in the forehead by an unguarded industrial fan on July 29, 2015. He alleges that he sustained injuries to his cervical and lumbar spine, radiating arm pain, a fractured skull, deep lacerations, and traumatic brain injury. On June 8, 2016, Donahue and his wife, Angela Bolton, filed this lawsuit against Republic in state court. The lawsuit was removed to this court on August 15, 2016. Among the numerous defendants that have been joined along the way is Darana Hybrid, Inc. ("Darana")—the alleged electrical subcontractor on the project. Darana moved for summary judgment, asserting that it was immune from suit as Donahue's statutory employer. On August 30, 2018, the district judge granted the motion and dismissed plaintiffs' claims against Darana with prejudice.

Presently before the Court is plaintiffs' Second Motion to Compel.[1] Plaintiffs seek an order compelling Darana to respond to their Requests for Production of Documents and produce contracts, agreements, work orders, and other documents pertaining to Darana's financial involvement in the construction of the multi-level conveyor system at the Republic warehouse. They complain that they also requested the documents in a notice of deposition of Darana's corporate representative, but that Darana has never produced the documents. Recognizing that Darana has been dismissed on summary judgment, plaintiffs argue that the records remain relevant because the order is subject to a pending motion for reconsideration and submit that the documents are "plainly relevant even in the event that Darana's dismissal remains law of the case." They say the documents "will provide a clearer understanding of the complex system of contracts and subcontracts that comprise the Republic project."

Darana opposes. It submits that the documents sought are irrelevant and that, moreover, since Darana has been dismissed, the plaintiffs' motion is procedurally improper and should be dismissed. Noting that a subpoena would be the appropriate vehicle to seek documents from a non-party like Darana, Darana nonetheless addresses the merits of plaintiffs' request "in an effort to seek judicial efficiency." Darana points out that it has responded to plaintiffs' discovery requests and that plaintiffs have already had the opportunity to depose Darana's owner and representatives. Darana insists that the plaintiffs have already been provided with all of the contracts and agreements associated with the Republic project that are under Darana's control. Darana adds that plaintiffs have deposed all individuals who would have been able to (and did) explain those contracts. Darana argues that the information sought by plaintiffs is sensitive financial information,

---

[1] The plaintiffs filed a motion to compel Darana and Republic to respond to their discovery requests on March 15, 2017. (Rec. Doc. 17). Plaintiffs' counsel subsequently notified the court that Darana and Republic had provided responses, and the motion was dismissed as moot, without prejudice to plaintiffs' ability to challenge the sufficiency of defendants' responses. (Rec. Doc. 24)

and that payments or expenses made or incurred by Darana do not provide any information relevant to the negligence of any party. Darana adds that the district court previously determined at oral argument on the motion for summary judgment that the parties had been able to conduct ample discovery.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Of note, with the 2015 amendment to Rule 26, it is now clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. In assessing proportionality of discovery, the following should be considered: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. The advisory committee comments to the 2015 amendment to Rule 26 make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information sought is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." Id. advisory committee comments to 2015 amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Id.

2. *Plaintiffs' Requests to Darana*

As Darana has done, the Court sets aside the issue of whether plaintiffs' present motion is procedurally proper. Darana is correct that as a non-party, plaintiffs must now proceed by subpoena to obtain documents from Darana. However, that will not be necessary here because the documents sought by plaintiffs in this motion are not relevant to this litigation. Plaintiffs have not sufficiently stated how work orders, ledgers, invoices, balance sheets, and receipts are relevant to plaintiffs' claims or the defenses of any other party. Accordingly, the court will not compel production of the records plaintiffs now seek.

## Conclusion

For the foregoing reasons, the plaintiff's Second Motion to Compel responses to Discovery (Rec. Doc. 224) is denied.

New Orleans, Louisiana, this 23rd day of October, 2018.

                                                Janis van Meerveld
                                        United States Magistrate Judge