UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA DONAHUE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13948** |
| **REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC ET AL.** | **SECTION: "H"** |

# ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 215). For the following reasons, the Motion is **DENIED**.

# BACKGROUND

On August 30, 2018, this Court issued an Order and Reasons granting Motions for Summary Judgment by Defendants Darana Hybrid, Inc. ("Darana") and W&H Systems, Inc. ("W&H").[1] On September 27, 2018, Plaintiffs filed a Motion for Reconsideration asking this Court to reconsider its Order and Reasons granting Summary Judgment in favor of Defendants

---

[1] *See* Doc. 207.

Darana and W&H.[2] This Court's August 30, 2018 Order and Reasons details the Background of this litigation, and it need not be repeated here.

## LEGAL STANDARD

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[3] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[4]

## LAW AND ANALYSIS

In its August 30, 2018 Order and Reasons, this Court granted Darana and W&H summary judgment because they are both immune from tort liability under Louisiana law as "statutory" employers of Plaintiff Joshua Donahue.[5]

---

[2] *See* Doc. 215.

[3] Although Plaintiffs seek review of this Court's grant of summary judgment to two of the Defendants in this case under Rule 59(e), the Fifth Circuit recently explained that Rule 54(b) provides the proper standard for review of an order that does not dispose of all claims against all parties. *See* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018) (noting that a grant of summary judgment that left remaining a counterclaim was "interlocutory" such that Rule 54(b) provided the proper standard for analyzing a motion to reconsider the previous grant of summary judgment). Here, claims remain pending against several Defendants even after this Court's grant of summary judgment to Defendants Darana and W&H. Thus, Rule 54(b) provides the proper standard to review Plaintiff's Motion for Reconsideration. *See* FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"); *McClendon*, 892 F.3d at 781–82; Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017). *See also* Int'l Corrugated & Packing Supplies, Inc. v. Lear Corp., 694 F. App'x 364, 366 (5th Cir. 2017) (holding that a district court abused its discretion in applying the Rule 59(e) standard when reviewing an interlocutory order pursuant to Rule 54(b)).

[4] *Austin*, 864 F.3d at 336 (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[5] Doc. 207. *See* LA. REV. STAT. § 23:1061 (providing tort immunity to "statutory" employers for injuries suffered by their employees in the course and scope of employment).

Plaintiffs now argue this Court should reconsider and reverse that Order because it contains "clear errors of law and fact, and [the Court] decided material issues of fact that should have been reserved for trial."[6]

Plaintiffs argue that this Court erred for four reasons.[7] First, Plaintiffs argue that Darana and W&H are not entitled to summary judgment because the contract between Darana and Donahue's immediate employer is absolutely null, and as a result Defendants cannot rely on it to claim statutory employer status. Plaintiffs presented, and this Court rejected, that argument in response to Darana's Motion for Summary Judgment.[8] Second, Plaintiffs argue that the "contracts between Defendants present genuine unresolved disputes as to their entitlement to immunity."[9] Again, Plaintiffs presented, and this Court considered, this exact argument when reviewing the briefing for Darana's Motion for Summary Judgment.[10] Third, Plaintiffs argue that summary judgment was premature "in light of the need for further discovery."[11] Fourth, and finally, Plaintiffs argue that immunizing Darana and W&H from tort liability will result in manifest injustice.[12]

Plaintiffs' first two arguments are nothing more than mere disagreement with this Court's August 30, 2018 Order and Reasons. A Motion for Reconsideration is not the proper vehicle for such grievances. Plaintiffs' third argument is equally unpersuasive. This Court specifically notes that Darana's first Motion for Summary Judgment was filed more than a year before this Court issued its Order and Reasons ultimately granting Darana's re-urged

---

[6] Doc. 215-1 at 1.
[7] *Id.*
[8] *See* Docs. 141 at 13; Doc. 207 at 7.
[9] Doc. 215-1 at 1.
[10] Doc. 141 at 8.
[11] Doc. 215-1 at 1.
[12] *Id.* at 14.

3

request.[13] In the interim, Darana's initial Motion was denied so more discovery could be completed, and it was.[14] Plaintiffs had ample opportunity to conduct discovery in this case. Finally, granting Darana and W&H summary judgment will not result in manifest injustice. Plaintiff Donahue is receiving Worker's Compensation benefits for his injuries. Most importantly, however, it is this Court's duty to interpret the law, not to make it.[15] This Court cannot hold parties liable for damages when the Louisiana legislature has provided that such parties are immune from tort liability. As such, Plaintiffs have failed to produce a reason sufficient for this Court to reverse its August 30, 2018 Order and Reasons.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

New Orleans, Louisiana this 3rd day of December, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[13] *See* Doc 36.
[14] *See* Doc. 92.
[15] Marbury v. Madison, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is.").