UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA DONAHUE ET AL. | CIVIL ACTION |
| VERSUS | NO: 16-13948 |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC ET AL. | SECTION: "H"(1) |

## ORDER AND REASONS

Before the Court are a Motion for Partial Summary Judgment by Defendant Republic National Distribution Company, LLC ("Republic") (Doc. 100) and a Cross Motion for Summary Judgment by Third Party Defendant United States Fire Insurance Company ("US Fire") (Doc. 104). For the following reasons, Republic's Motion is **GRANTED**, and US Fire's Motion is **DENIED**.

## BACKGROUND

This action arises from injuries that Plaintiff Joshua Donahue suffered while working in the beverage distribution facility of Defendant Republic. To replace an outdated conveyor system in its warehouse in Jefferson Parish, Louisiana, Republic contracted with Defendant W&H Systems, Inc. ("W&H"). The Court will refer to this contract between Republic and W&H as the "Project Agreement." To fulfill its obligations under the Project Agreement, W&H

1

subcontracted with Defendant Darana Hybrid, Inc. ("Darana"), which was hired to perform electrical work on the conveyor system. At the time, Darana had an outstanding contract with Defendant American ManPower Services, Inc. ("AMPS") whereby AMPS provided labor to Darana. Plaintiff worked for AMPS and under the contract with Darana was assigned to Darana's electrical project for W&H at the Republic facility.

On July 29, 2015, while descending a scaffold in Republic's facility, Donahue was injured when blades of an unguarded overhead fan struck him in the head. Donahue filed this negligence and premises liability suit seeking damages from the Defendants on June 8, 2016, in Civil District Court for the Parish of Orleans. Defendants removed the action to this Court on August 18, 2016. The case initially was assigned to Chief Judge Kurt D. Engelhardt.

At the time Donahue suffered his injury, the Project Agreement required W&H to obtain liability insurance coverage for the work it performed for Republic and to name Republic as an additional insured under the insurance policy.[1] W&H obtained the required coverage from US Fire.[2] An endorsement to W&H's policy with US Fire included as "additional insureds" entities whom W&H was required by written contract to add as additional insureds.[3] A

---

[1] *See* Doc. 66-3 at 4. Although the contract uses the term "co-insured" and not "additional insured," US Fire effectively concedes that the agreement between W&H and Republic requires W&H to name Republic as an additional insured under its policy with US Fire. Doc. 104-1 at 2 ("The Project Agreement also contains an insurance provision which states [Republic] will be named as an additional insured."). The issue before this Court is not whether Republic is an additional insured under its agreement with W&H but whether the policy itself limits the coverage US Fire must provide to Republic as an additional insured under the policy.

[2] *See* Doc. 66-4.

[3] *Id.* at 9 ("Who Is An Insured is amended to include as an additional insured, any person or organization whom [W&H is] required to add as an additional insured to this policy by written contract or written agreement . . . ."). An "endorsement" is an amendment to an insurance policy.

subsequent endorsement amended the policy's coverage of additional insureds.[4] The amended policy provides:

> Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. [W&H] acts or omissions; or
>
> 2. The acts or omissions of those acting on [W&H's] behalf;
>
> in the performance of [W&H's] ongoing operations for the additional insured(s) . . . .[5]

On March 27, 2017, Republic filed a Third Party Complaint against US Fire seeking defense and indemnity.[6] Republic first alleged that US Fire as W&H's insurer owed Republic "contractual indemnification for the claims made the basis of this suit."[7] Second, Republic alleged that it was entitled to "coverage and defense" by US Fire as an additional insured under W&H's insurance policy with US Fire.[8]

On November 11, 2017, US Fire filed a Motion for Summary Judgment to Dismiss the Third Party Complaint.[9] US Fire argued both that the Project Agreement did not require it to indemnify Republic and that its policy with W&H did not require it to cover and defend Republic as an additional insured. A few days later, on November 22, 2017, Republic filed a Cross Motion for Summary Judgment seeking defense and indemnity from US Fire under its

---

[4] *See id.* at 15.
[5] *Id.* "Schedule" refers to the original endorsement that described the policy's coverage of additional insureds. Doc. 66-4 at 5.
[6] Doc. 22.
[7] *Id.*
[8] *Id.*
[9] Doc. 61.

3

Third Party Complaint.[10] The Court will refer collectively to these Cross Motions as the "Initial Cross Motions."

At the time the Initial Cross Motions were filed, Judge Engelhardt presided over this action. Before he ruled on the Initial Cross Motions, both parties filed new cross motions (the "Subsequent Cross Motions") on the same issues.[11] It is the Subsequent Cross Motions that are pending before this Court.

*After* the Subsequent Cross Motions were filed but *before* they came under submission, Judge Engelhardt ruled on the Initial Cross Motions.[12] In his ruling, Judge Engelhardt granted US Fire's Motion for Summary Judgment in part, holding that the agreement between Republic and W&H did not entitle Republic to contractual indemnification from US Fire.[13] The Order and Reasons denied the parties' other requests in the Initial Cross Motions, reasoning that it would be more appropriate for this Court to handle them in analyzing the Subsequent Cross Motions. As such, this Court will now consider the Subsequent Cross Motions.

## **LEGAL STANDARD**

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] A genuine issue of fact exists only

---

[10] Doc. 66.
[11] Docs. 100, 104.
[12] Doc. 125.
[13] *Id.*
[14] FED. R. CIV. P. 56 (2012).

4

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[15]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[16] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[17] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[18] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[19] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[20] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[21]

---

[15] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[16] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[17] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[18] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[19] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[20] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[21] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

As an initial matter, the Court notes that because Judge Engelhardt's May 18, 2018 Order and Reasons granted US Fire's Motion for Summary Judgment as to Republic's claims for contractual indemnification, to the extent Republic seeks such relief in its Motion for Partial Summary Judgment, this Court has already denied that request. The issue before this Court, then, is whether US Fire must cover and defend Republic as an additional insured to US Fire's insurance policy with W&H.

US Fire argues that the policy only requires it to cover and defend additional insureds to the extent they may incur vicarious liability for harm caused by W&H. Because Plaintiffs do not claim Republic is vicariously liable for W&H, US Fire argues that Republic is not covered by its policy, and that it does not owe Republic anything. Republic responds that the language of the policy provides no such limit, and that US Fire must provide it coverage under the policy for any liability—not just vicarious liability—it may incur because of damages caused in whole or in part by W&H or others who acted on W&H's behalf.

"Because this is a diversity action, . . . [this Court] must apply Louisiana law in an attempt to rule as a Louisiana court would if presented with the same issues."[22] Under Louisiana law, "[a]n insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship.[23] Insurance policies, therefore, "should be construed . . . using the general rules for the interpretation of contracts" under Louisiana law.[24] "The role of the judiciary in

---

[22] Musser Davis Land Co. v. Union Pac. Res., 201 F.3d 561, 563 (5th Cir. 2000).
[23] Peterson v. Schimek, 729 So. 2d 1024, 1028 (La. 1999) (citing LA. CIV. CODE art. 1983).
[24] Carbon v. Allstate Ins. Co., 719 So. 2d 437, 439 (La. 1998).

6

interpreting insurance contracts is to ascertain the common intent of the parties to the contract."²⁵ "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent."²⁶

Here, US Fire's policy is clear and leads to no absurd consequences. The policy covers additional insureds for liability they may incur for damages caused in whole or in part by W&H or those acting on its behalf.²⁷ Donahue alleges that he suffered injuries caused in part by the alleged negligence of W&H and others working on its behalf to fulfill its obligations under the Project Agreement.²⁸ Even though this Court granted summary judgment in W&H's favor on immunity grounds,²⁹ and even though Plaintiffs do not allege that Republic is vicariously liable for W&H,³⁰ Republic could incur liability for damages caused in part by the negligence of W&H or someone working on its behalf.

A court in Louisiana's Middle District recently faced this exact issue when interpreting policy language materially identical to that before the Court in this case.³¹ In *Moore v. Home Depot USA, Inc.*, the court rejected the same argument advanced by US Fire here—that the policy's language limits additional insured coverage to vicarious liability—because such a reading of the language would have required the court "to read into the policy a limit on

---

²⁵ *Id.* (citing LA. CIV. CODE art. 2045).
²⁶ *Peterson*, 729 So. 2d at 1028.
²⁷ Doc. 66-4 at 15.
²⁸ *See* Doc. 203.
²⁹ *See* Doc. 207.
³⁰ *See* Doc. 203.
³¹ *See* Moore v. Home Depot USA, Inc., No. 16-810, 2018 WL 4976811, at *2, 5 (M.D. La. Oct. 15, 2018).

coverage that is not in the policy's text."[32] As stated in *Moore*, if US Fire wanted to limit its additional insured coverage to vicarious liability, "it could have used language reflecting that intent."[33] Other federal district courts have rejected the same argument advanced by US Fire here.[34]

Even if this Court were to find that the policy's language is ambiguous, Louisiana law would require the Court to interpret the policy language against US Fire, the insurer that furnished the policy's text.[35] For that reason and those explained in *Moore*, this Court finds that the additional insured coverage US Fire must afford to Republic under its policy with W&H extends beyond mere vicarious liability.[36]

---

[32] *Id.* at *6.
[33] *Id. See* Merchants Ins. Co. of New Hampshire v. U.S. Fid. & Guar. Co., 143 F.3d 5, 10 (1st Cir. 1998) ("[I]f [the insurer] had really intended to limit coverage under the additional insured Endorsement to those situations in which an added insured . . . was to be held vicariously liable only for the negligence of a principal insured . . . , [the insurer] was free to draft a policy with qualifying language that expressly implemented that intention.").
[34] *See, e.g.*, Pro Con, Inc. v. Interstate Fire & Cas. Co., 794 F. Supp. 2d 242, 254–56 (D. Me. 2011) (extending additional insured coverage beyond vicarious liability when interpreting identical policy language); Am. Guarantee & Liab. Ins. Co. v. Norfolk S. Ry. Co., 278 F. Supp. 3d 1025, 1042 (E.D. Tenn. 2017) (extending additional insured coverage beyond vicarious liability when interpreting materially identical policy language); First Mercury Ins. Co. v. Shawmut Woodworking & Supply, Inc., 48 F. Supp. 3d 158, 174 (D. Conn. 2014) (extending additional insured coverage beyond vicarious liability when interpreting materially identical policy language).
[35] *Peterson*, 729 So. 2d at 1029 ("If, after applying the other general rules of construction, an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who furnished the policy's text and in favor of the insured finding coverage."); LA. CIV. CODE art. 2056 ("In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text.").
[36] US Fire cites to the decision by another section of this court in *Pellegrin v. Ansley Place Apartments, L.L.C.*, No. 11-289, 2012 WL 831468 (E.D. La. Mar. 12, 2012), to support its argument that the policy's language limits additional insured coverage to vicarious liability. But for the reasons explained in *Moore*, 2018 WL 4976811, at *6 n. 9, the holding in *Pellegrin* was not so limited. *See Pellegrin*, 2012 WL 831468, at *4 ("[To the degree that either [additional insured] were to be held liable because of the fault of [the principal insured], then the [insurer's] policy must respond."). *Pellegrin*, therefore, does not support US Fire's position. *See id.*

## CONCLUSION

For the foregoing reasons, Republic's Motion is **GRANTED**, and US Fire's Motion is **DENIED**. US Fire must defend and cover Republic to the extent that Republic incurs liability for damages caused in whole or in part by W&H or those working on its behalf.[37]

New Orleans, Louisiana this 8th day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[37] Of course, the coverage only applies to the damages covered by the policy itself, which includes damages for "bodily injury," "property damage," or "personal and advertising injury." Doc. 66-4 at 15.