# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA DONAHUE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13948** |
| **REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Motions to Certify this Court's August 30, 2018 Order and Reasons as a Final Judgment pursuant to Rule 54(b) by Defendants W&H Systems, Inc. (W&H") and Darana Hybrid, Inc. ("Darana") (Docs. 256, 257). For the following reasons, the Motions are **DENIED**.

## BACKGROUND

This lawsuit arises out of injuries that Plaintiff Joshua Donahue suffered while working to repair a conveyor system at the alcohol distribution warehouse of Defendant Republic National Distributing Company, LLC ("Republic") in Jefferson Parish, Louisiana.[1] Defendants in the suit included W&H, the contractor hired by Republic to repair the conveyor system, and Darana, the contractor hired by W&H to provide electrical work for the repair project.

On May 8, 2018, W&H and Darana moved for summary judgment arguing that they were immune from Plaintiffs' claims as his "statutory

---

[1] The other Plaintiff in this suit is Angela Bolton. She seeks loss of consortium damages that she allegedly suffered because of Donahue's injuries.

employer" under Louisiana law.[2] On August 30, 2018, the Court granted those motions and dismissed with prejudice Plaintiffs' claims against Defendants W&H and Darana. Several weeks later, Defendant Republic moved for summary judgment arguing that it enjoyed the same immunity that protected W&H and Darana from Plaintiffs' claims. On October 29, 2018, the Court denied Republic's motion, explaining why, unlike W&H and Darana, Republic did not enjoy immunity from Plaintiffs' tort claims as a statutory employer of Plaintiff Donahue.[3] Republic then moved to certify this Court's October 29, 2018 Order and Reasons as an appealable interlocutory order under 28 U.S.C. § 1292(b). On January 8, 2019, the Court denied Republic's request.[4]

Defendants W&H and Darana now seek an order from this Court that certifies the Court's August 30, 2018 Order and Reasons as a final, appealable judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiffs oppose.

## **LAW AND ANALYSIS**

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The issue before this Court, then, is whether there is "no just reason" to delay certifying as a final judgment the Court's August 30, 2018 Order and Reasons dismissing Plaintiffs' claims against Defendants W&H and Darana.

---

[2] *See* LA. REV. STAT. § 23:1061.
[3] *See* Doc. 244.
[4] *See* Doc. 255.

Here, Movants have failed to show that "no just reason" exists to delay certification. According to the Fifth Circuit, "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[5] Considering this policy, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[6] In this case, Movants have failed to make a compelling showing of significant hardship caused by a delay in certification. Moreover, it would be a waste of judicial resources for the Fifth Circuit to be called to review facts on appeal where the Circuit may be required to review the same facts following trial of the unadjudicated claims in this case. This is the exact type of situation that warrants delaying certification of final judgment under Rule 54(b).[7]

## CONCLUSION

For the foregoing reasons, Defendants' Motions are **DENIED**.

New Orleans, Louisiana this 19th day of March, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] PYCA Indus., Inc. v. Harrison Cty. Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir. 1996).
[6] Id.
[7] See id.