UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA DONAHUE ET AL                                CIVIL ACTION

VERSUS                                              NO: 16-13948

REPUBLIC NATIONAL DISTRIBUTING                      SECTION: "H"(1)
COMPANY, LLC ET AL

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 400) of this Court's January 17, 2020 Order granting Makar's Motion for Summary Judgment (Doc. 279). For the following reasons, Plaintiffs' Motion is **DENIED**.

## BACKGROUND

This action arises out of injuries suffered by Plaintiff Joshua Donahue while working on a project to renovate Defendant Republic National Distributing Company, LLC's ("Republic") warehouse. Makar Installations, Inc. ("Makar") was a subcontractor on the project, tasked with installing a new mezzanine designed by Steele Solutions, Inc. ("Steele"). Makar began construction of the Steele-designed mezzanine on May 4, 2015 and completed the installation on May 15, 2015.

Toward the end of Makar's installation job, its project supervisor, Antonio Torres ("Torres"), was struck in the head by the blades of a fan that hung above the new and old mezzanines. Torres testified that, prior to the accident, he had repeatedly asked Republic employees and representatives to turn off the fan, but it was never turned off. Neither Torres, nor any other

1

Makar employee, knew where the fan switch was located. The first time that the fan was turned off was the day after Torres' injury, which was also the last day that Makar was on the job site. Torres testified that on that day, he told Republic representatives that "the damage had already been done," but that the fan should still be removed because it nevertheless posed a hazard. On the day of his injury, Torres notified Makar's owner, Gilbert Makaryk, who in turn notified the other subcontractors.

After Makar completed construction of the Mezzanine and departed Republic's warehouse, Donahue, an employee of American ManPower Services, Inc. ("AMPS"), began working on the electrical installation for the conveyor system. On July 29, 2015, Donahue was struck in the head by one of the fan blades. Donahue had worked at the site for approximately two months before his injury, and he testified that the fan was off the entire time he was there. At the time of his accident, however, the overhead fan was turned on. Donahue suffered numerous injuries and brought suit against Republic and the many contractors and subcontractors on the project.

On January 17, 2020, after hearing oral argument on the motion, this Court issued an order granting Makar's Motion for Summary Judgment and dismissing Makar from this suit.[1] On January 27, 2020, this Court issued its Order and Reasons in support of its January 17, 2020 Order.[2] Plaintiffs now seek reconsideration of the Court's decision to grant Makar's Motion for Summary Judgment and dismiss Makar with prejudice.

---

[1] Doc. 378.
[2] Doc. 382.

## LEGAL STANDARD

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[3] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders."[4]

## LAW AND ANALYSIS

This Court previously held that Defendant Makar was entitled to summary judgment on Plaintiffs' negligence claim because Plaintiffs failed to prove that Makar owed a legal duty to prevent Donahue's injury.[5] Plaintiffs now argue that this Court's decision was erroneous because the Court misapplied Louisiana's duty-risk negligence analysis. Specifically, Plaintiffs argue that this Court purported to rule on the existence of a duty but instead acknowledged that a duty existed and ruled on the issue of breach. Plaintiffs

---

[3] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[4] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011)).
[5] *See* Doc. 382 at 11.

thus contend that reconsideration is warranted as the Court should have preserved the issue of breach for trial and genuine issues of fact remain.

### A. Findings of Duty and Breach

In its Order and Reasons, this Court found that the law did not provide any heightened duty for Makar to prevent against Donahue's specific injury. Plaintiffs, however, argue that this Court acknowledged the existence of such a duty and then made a factual determination as to whether that duty was breached. As support for this contention, Plaintiffs look to the following excerpt from the Order and Reasons:

> Plaintiffs' experts fail to articulate any actionable duty that Makar did not discharge, and the Court cannot find one in the law. If anything, the evidence speaks to how Makar effectively discharged its duty: its warnings and repeated admonitions resulted in the fan remaining off from the day after Torres' injury to the day of Donahue's injury. Thus, the Court finds that Makar did not breach a duty owed to Donahue.[6]

Plaintiffs misconstrue this Court's holding.

Plaintiffs argued in their briefing and at oral argument that Makar's duties included altering the design of the mezzanine, removing the fan, placing physical markers around the fan, refusing to work after becoming aware of the fan, and remaining on the job site after finishing its work. Plaintiffs, however, did not put forth any legal support for a finding that Makar had an additional legal duty to take such actions or that the scope of Makar's duty as a subcontractor encompassed such obligations. This Court, therefore, disputes any contention that its Order and Reasons demonstrates a finding that Makar had a duty to prevent against Donahue's injury.

Further, Plaintiffs argue that this Court's use of the phrase "did not discharge" and "breach" demonstrate that this Court committed legal error.

---

[6] Doc. 382 at 11.

4

Again, this Court disagrees. This Court found that Makar had fulfilled any generalized duty it had as a subcontractor to provide a safe working environment. To the extent this Court ruled on the discharge of a duty, therefore, it was as to Makar's duty to provide a safe work environment while it was on the jobsite.[7] Although Plaintiffs argue that case law warrants against ruling on the issue of breach at the summary judgment stage, this Court is well within its right to conclude that a duty was not breached when there is no genuine issue of material fact to the contrary.[8]

### B. Genuine Issues of Material Fact

Plaintiffs also argue that there are genuine issues of material fact that warrant against this Court's ruling on summary judgment. First, Plaintiffs argue that there is a genuine issues of material fact as to what Torres told Republic after his accident. To the extent that there is a discrepancy between Torres's testimony and that of Republic's representative, this Court continues to find it immaterial.[9]

Second, Plaintiffs argue that there is a genuine issue of material fact as to Makar's involvement in the design of the mezzanine and consequently Makar's duty to comply with Occupational Safety and Health Administration

---

[7] *See, e.g.,* Roberts v. Benoit, 605 So. 2d 1032, 1046 (La. 1991), *on reh'g* (May 28, 1992) (finding that the defendant owed a duty to exercise reasonable care in hiring, that the scope of that duty did not encompass the risk of plaintiff's injury, and that the court's finding as to scope of the duty abrogated the need to discuss breach).

[8] *See* Fornah v. Schlumberger Tech. Corp., 737 F. App'x 677, 682 (5th Cir. 2018). In *Fornah*, the Fifth Circuit affirmed the district court's finding on summary judgment that an independent contractor did not owe a duty to the employee of another independent contractor "beyond the exercise of ordinary care that is owed to the public generally." *Id.* (internal quotations omitted). The *Fornah* court went on to conclude: "Likewise, Fornah failed to present any evidence that Schlumberger *breached the duty* owed between independent contractors to 'refrain from gross, willful or wanton negligence, and . . . from creating an unreasonable risk of harm or a hazardous condition.'" *Id.* (emphasis added).

[9] Plaintiffs point to Carlos Murillo's testimony that he was aware of a prior injury but "was never sure if it was a fan or a beam." Doc. 400-1 at 3 n.9. The remaining undisputed facts are sufficient to support this Court's finding. *See* Doc. 382 at 9.

5

("OSHA") standards. This Court explicitly addressed this argument in its Order and Reasons, finding that no evidence supported Plaintiffs' assertion.[10] Plaintiffs now add that the broad definition of "employer" under 29 U.S.C. § 654 embraced in *Acosta v. Hensel Phelps Construction Company* supports Plaintiffs' contention that Makar is a "Creating Employer," "Exposing Employer," and "Correcting Employer" under OSHA.[11] In *Acosta*, the Fifth Circuit affirmed the Secretary of Labor's interpretation of 29 U.S.C. § 654 as allowing the Secretary to cite a general contractor as a "controlling employer" with respect to the work of subcontractors.[12] As Makar was a subcontractor on the Republic project, *Acosta* does not influence this Court's holding.

In sum, Plaintiffs proffer many of the same arguments they brought before this Court in briefings and in oral argument. Accordingly, this Court sees no need to disturb its previous decision dismissing Makar with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is **DENIED**.

---

[10] *See* Doc. 382 at 9 n.26 ("Plaintiffs attempt to argue that Makar had influence over the design of the new mezzanine by pointing to some email communications between representatives of Steele and Makar, but those emails demonstrate, at most, only that Makar inquired into the weight of an 'i-beam' to be used in the structure." (citing Doc. 285-2 at 3)).

[11] Acosta v. Hensel Phelps Constr. Co., 909 F.3d 723 (5th Cir. 2018).

[12] *Id*. In its reasoning, the Fifth Circuit noted:
> The interpretation makes practical sense. In a place of employment like a construction worksite . . . only the general contractor maintains supervisory authority over—and has access to—the entire space. If a general contractor enjoys the benefits of project supervision, it follows that he should also bear the burdens, by being held to comply—and to direct its subcontractors to comply—with the Act's safety standards. *Id*. at 735.

New Orleans, Louisiana this 9th day of September, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**